UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| COREY DISMUKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3345 |
| | ) | |
| DR. THOMAS BAKER and | ) | |
| DEBORAH FUQUA, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, currently incarcerated in Western Illinois Correctional Center, filed this case pro se. He alleges that Defendants refuse to treat a large lipoma[1] on the back of his head. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

---

[1] According to Dorland's Illustrated Medical Dictionary (32nd ed. 2012), a lipoma is a "benign, soft, rubbery, encapsulated tumor of adipose tissue."

1

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint is clear enough on its own.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). <u>Zimmerman v. Tribble</u>, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>EEOC v. Concentra Health Serv., Inc.</u>, 496 F.3d 773, 776 (7th Cir. 2007), quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)(add'l citation

omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., quoting Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic, 550 U.S. at 555-56. However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff alleges that he has developed a lipoma on the back of his head that measures at least seven centimeters. Defendant Dr. Baker has allegedly denied Plaintiff's requests for surgery, even though Plaintiff's prior treating physician, Dr. Shah, recommended surgery in May, 2011. Plaintiff fears that the lipoma may develop into cancer, and he believes it

is causing him headaches and memory loss. Plaintiff's lipoma is visible on Plaintiff's picture on the Illinois Department of Corrections website, www.idoc.state.il.us.

ANALYSIS

Deliberate indifference to a serious medical need violates a prisoner's right under the Eighth Amendment to be free from cruel and unusual punishment. Hayes v. Snyder, 546 F.3d 516, 522 (7th Cir. 2008). The medical need must be objectively serious, meaning "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id., quoting Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). An objectively serious need also presents itself if "'failure to treat [the condition] could result in further significant injury or unnecessary and wanton infliction of pain.'" Reed v. McBride, 178 F.3d 849, 852 (7th Cir. 1999)(quoted cite omitted); Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011)("The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and

4

suffering which no one suggests would serve any penological purpose.'") (quoted cite omitted). Deliberate indifference does not encompass negligence or even gross negligence. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010). Deliberate indifference requires personal knowledge of an inmate's serious medical need and an intentional or reckless disregard of that need. Id.; Hayes, 546 F.3d at 524.

This Court concludes that Plaintiff arguably states an Eighth Amendment claim for deliberate indifference to a serious medical need. A plausible inference of a serious medical need arises from Plaintiff's description of the lipoma and his alleged headaches and memory loss. A further developed record may demonstrate that excision of the lipoma is not medically indicated, but that determination now would be premature. A plausible inference of deliberate indifference arises against Dr. Baker, who allegedly refuses to approve the surgery. Discerning a claim against Defendant Fuqua, the health care administrator, is more difficult. Fuqua likely has no authority to override Dr. Baker's determination. However, the Court believes it would be premature to

dismiss Fuqua without a more developed record.

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs. Any other claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is referred to the Magistrate Judge for entry of a Scheduling Order directing service and setting a Rule 16 conference date. A copy of this Opinion shall be served with the Complaint and Scheduling Order.

3. Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims

stated in this Opinion.

4. The merit review scheduled for October 17, 2011, is cancelled. The clerk is directed to vacate the video writ and to notify Plaintiff's prison of the cancellation.

ENTERED: October 11, 2011

FOR THE COURT:

                                         s/Sue E. Myerscough
                                          SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE