IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| COREY DISMUKES, et al. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-CV-3345 |
| ) | |
| DR. THOMAS BAKER and ) | |
| DEBORAH FUQUA, ) | |
| ) | |
| Defendants. ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff filed this case pro se from his incarceration in Western Illinois Correctional Center, challenging Defendants' refusal to surgically remove a large lipoma near the base of Plaintiff's head. In January 2013, the Court granted summary judgment to Defendant Fuqua but denied summary judgment to Dr. Baker. The Court reasoned that Dr. Baker had not addressed whether the lipoma could be causing Plaintiff's professed pain, headaches, and memory problems. Dr. Baker was given an opportunity to renew his motion for summary judgment.

Before the Court is Dr. Baker's renewed motion for summary judgment. Dr. Baker concluded from his evaluations of Plaintiff that Plaintiff had a normal range of motion in his neck, that Plaintiff's neurological tests were normal, and that the lipoma was not pressing on nerves. (Dr. Baker Aff. ¶ 10). Dr. Baker avers:

> 11. While Mr. Dismukes' lipoma is large by comparison, its location on the back of his head is important and a factor in the care and treatment I have provided. The lipoma is not located on his neck, and as such, it is not interfering with Mr. Dismukes' range-of-motion with his neck. This lipoma, which is located on the back of the Plaintiff's skull, does not clinically correlate to the Plaintiff's complaints of pain down his neck or back, and it is my opinion that the soft tissue of the lipoma does not exert enough weight or pressure to cause any nerve issues.
> 
> \*          \*          \*
> 
> 13. In a mathematical sense, it is possible the lipoma . . . is exerting pressure on his nerves or blood vessels. However, in a clinical and medical sense, it is my opinion that this is not occurring. The Plaintiff's lipoma is slow-growing and therefore his nerves and blood vessels will be able to accommodate for the growth and size of the lipoma. . . . If Mr. Dismukes had a pinched nerve or blood vessel, you would expect to find pale skin or necrosis of the tissue. I have observed no signed during my clinical evaluation of Mr. Dismukes that his lipoma is pinching a nerve or blood vessel.

(Dr. Baker Aff. ¶¶ 11, 13).

Plaintiff avers that "I am sure the lipoma is the sole cause of my pain, because when I touch or lay on it, it will cause pain to radiate down my back and brain waves of pain." (Pl.'s Aff. ¶ 13). Plaintiff avers, "I cannot touch the lipoma because it causes severe

pain to run down my spinal cord and intensive headaches." (Pl.'s Aff. ¶ 9).

Plaintiff is not medically trained, but he can testify to the pain and headaches he experiences when the lipoma is touched because he has personal knowledge of that fact. Plaintiff's testimony, if believed, gives rise to a reasonable inference that the lipoma is causing Plaintiff's pain. Dr. Baker opines that such pain would not clinically correlate with Dr. Baker's examination of the lipoma, but the Court must draw inferences in Plaintiff's favor at this stage. Accordingly, summary judgment must be denied. The Court notes that Plaintiff's request for injunctive relief is moot because Plaintiff has been paroled from prison. Only Plaintiff's claim for damages remains.

IT IS ORDERED:

1. Defendant Dr. Baker's renewed motion for summary judgment is denied (d/e 46).

2. A final pretrial conference is scheduled for November 4, 2013 at 1:30 p.m. Plaintiff and Defense counsel shall appear in person before the Court at 600 East Monroe Street, Springfield, Illinois, Courtroom I. The parties are directed to submit an

agreed, proposed final pretrial order at least seven days before the final pretrial conference. Defendant bears the responsibility of preparing the proposed final pretrial order and mailing the proposed order to Plaintiff to allow Plaintiff sufficient time to review the order before the final pretrial conference. See CD-IL Local Rule 16.3.

3. The proposed final pretrial order must include the names of all witnesses to be called at the trial and must indicate whether the witness will appear in person or by video conference. Nonparty witnesses who are detained or incarcerated will testify by video. Other nonparty witnesses may appear by video at the Court's discretion. The proposed pretrial order must also include the names and addresses of any witnesses for whom trial subpoenas are sought. The parties are responsible for timely obtaining and serving any necessary subpoenas, as well as providing the necessary witness and mileage fees. Fed. R. Civ. P. 45.

4. The exhibit section of the proposed final pretrial order must list by number all the exhibits a party may seek to introduce at the trial and give a short description of the exhibit. (For example,

"Plaintiff's Ex. 1: 11/10/12 health care request"). The parties must prepare their own exhibits for introduction at the trial, marking the exhibits with the same number that is on the list submitted to the Court. Exhibits that are introduced at trial will be kept in the Court record. Therefore, the party offering the exhibit is responsible for making a copy of the exhibit to keep for the party's own records. Additionally, the parties are directed to exchange copies of their marked exhibits at least ten days before the final pretrial conference. If a party intends to object to the introduction of a proposed exhibit, that party must provide the Court a copy of the exhibit and an explanation of the grounds for objection at least five business days before the final pretrial conference. Objections will be argued orally at the final pretrial conference.

5. The Court will circulate proposed jury instructions, a statement of the case, and proposed voir dire questions prior to the final pretrial conference, for discussion at the final pretrial conference. Proposed additional/alternate instructions and voir dire questions must be filed five business days before the final pretrial conference. The jury instructions, statement of

the case, and voir dire questions will be finalized at the final pretrial conference, to the extent possible.

6. Motions in limine are to be filed at least five business days before the final pretrial conference, to be argued orally at the final pretrial conference.

7. The date for the jury selection and the jury trial will be determined at the final pretrial conference.  In light of the Court's busy trial calendar, the parties are reminded that they may consent to a trial before Magistrate Judge Cudmore.  28 U.S.C. § 636(c)(1)(parties may consent to full time Magistrate Judge conducting "any or all proceedings in a jury or nonjury civil matter).  Consent is completely voluntary: the parties are "free to withhold consent without adverse substantive consequences." 28 U.S.C. § 636(c)(3).

ENTER:        July 25, 2013

FOR THE COURT:

__s/Sue E. Myerscough__
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
