IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| COREY DISMUKES,<br><br>    Plaintiff,<br><br>vs.<br><br>DR. THOMAS BAKER, DR. JAMES FENOGLIO, and WEXFORD HEALTH SOURCES, INC.,<br><br>    Defendants. | Case No. 11-cv-03345<br><br>Judge Susan E. Myerscough<br><br>Magistrate Judge Tom Schanzle-Haskins |

**PLAINTIFF COREY DISMUKES' MOTION TO CERTIFY
INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)
AND/OR FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b)**

Plaintiff Corey Dismukes respectfully requests that this Court certify its Opinion of December 29, 2014 (ECF No. 106, hereinafter the "Opinion") for interlocutory appeal. Certification under 28 U.S.C. § 1292(b) is warranted in order to allow Mr. Dismukes to promptly appeal the dismissal of his vicarious liability claim. The Seventh Circuit recently invited an appeal to address this precise issue; to avoid a second trial on the same evidence with the same parties, the time for that appeal is now.

Mr. Dismukes' Amended Complaint against Dr. Baker, Dr. Fenoglio, and Wexford Health Sources, Inc. (collectively, "Defendants") alleges that Defendants were deliberately indifferent to his serious medical needs by refusing to treat a large, baseball-sized lipoma at the base of his head, as well as the headaches, pain, and discomfort from which he suffered. Count III of the Amended Complaint alleges vicarious liability against Wexford. On December 29, 2014, this Court granted Defendants' Motion to Dismiss Count III, not because Count III is forever flawed, but because "*as of this moment*, Seventh Circuit controlling precedent clearly holds that, just like municipalities, private companies cannot be liable for employees'

constitutional violations on a theory of respondeat superior." (Opinion at 1, ECF No. 106 (emphasis added).) Recognizing the Seventh Circuit opened the door to change the law, the Court nevertheless deferred to the Seventh Circuit. (Opinion at 2.) *Shields v. Ill. Dept. of Corr.*, 746 F.3d 782, 789–96 (7th Cir. 2014).

Alternatively, for the reasons set forth in Section II, below, Mr. Dismukes requests that this Court enter final judgment on his vicarious liability claim against Wexford pursuant to Federal Rule of Civil Procedure 54(b).

## ARGUMENT

**I.     Certification for Interlocutory Appeal Is Warranted Under Section 1292(b).**

Under 28 U.S.C. § 1292(b), a district court may certify an order for immediate appeal whenever the order: (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Ahrenholz v. Bd. of Trust. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2002). Ultimately, the decision to allow an interlocutory appeal of a non-final order pursuant to § 1292(b) is within the discretion of the district court. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 46 (1995). The Opinion readily satisfies § 1292(b).

*First*, whether Wexford may be held vicariously liable for the constitutional violations of its employees is a "controlling question of law" in this case. "A controlling question of law is one that would require reversal if decided incorrectly or that could materially affect the course of the litigation with resulting savings of the court's or the parties' resources." *Bunn-O-Matic Corp. v. Bunn Coffee Service Inc.*, No. 97-3259, 1998 WL 633638, at *2 (C.D. Ill. May 22, 1998) (citation omitted). "A question is 'controlling' if its incorrect disposition would require reversal of a final judgment, . . . for further proceedings." C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 3930 (2d ed. 1996). A decision by the Seventh Circuit that

Wexford can be vicariously liable under § 1983 would require reversal of the Opinion, and would indisputably "*materially affect* the course of the litigation" because it would allow Mr. Dismukes to recover against Wexford for the acts of all the Wexford employees who failed to treat him, including Dr. Baker and Dr. Fenoglio, not just the practices and policies of Wexford. *Bunn-O-Matic*, 1998 WL 633638, at *2 (emphasis added).

*Second*, there exist "substantial grounds for difference of opinion" as to the issue decided in the Opinion because the issue is no longer "settled by controlling authority" and there is a "substantial likelihood" that the Opinion will be reversed on appeal. *Gamboa v. City of Chicago*, No. 03 C 219, 2004 WL 2877339, at *4 (N.D. Ill. Dec. 13, 2004) (citations omitted). Courts find substantial grounds for difference of opinion when a higher court has expressed a contrary view, even if that contrary view is not yet established as precedent. For example, in *United States v. Dish Network, LLC*, this Court found there was substantial grounds for difference of opinion because Chief Justice Roberts expressed a contrary view in a concurrence. No. 09-3073, 2014 WL 7013223, at *73 (C.D. Ill. Dec. 12, 2014) (Judge Myerscough).

Here, the Seventh Circuit in *Shields* established the substantial grounds for difference of opinion that call for an immediate appeal. In *Shields*, Judge Hamilton (joined by Judge Posner) urged reconsideration of the precedent insulating private corporations from vicarious liability under § 1983 because the insulation of private corporations from vicarious liability rests on shaky historical, doctrinal, and logical grounds. 746 F.3d at 789–96 (7th Cir. 2014). The absence of vicarious liability encourages employers like Wexford – the corporate defendant in *Shields* and this case – to foster misconduct. *Id.* at 794. Mr. Dismukes should have the ability to hold Wexford liable for the failure of Wexford employees, including Dr. Baker and Dr. Fenoglio, to provide proper treatment.

*Third*, an immediate appeal of the Opinion will materially advance this litigation. A final conclusion of this litigation will be delayed if Mr. Dismukes has to wait until final judgment on his other claims to appeal the Opinion. If an interlocutory appeal is not permitted, this case will continue to trial on Mr. Dismukes' other claims. An appeal will not occur until after that trial is over. If the Seventh Circuit then reverses the dismissal of Mr. Dismukes' vicarious liability claim against Wexford, a new trial will be required to adjudicate Mr. Dismukes' vicarious liability claim against Wexford. A reversal by the Seventh Circuit on the vicarious liability claim is possible, if not probable, as "a new approach may be needed for whether corporations should be insulated from *respondeat superior* liability under § 1983." *Shields*, 746 F.3d at 795. To avoid multiple trials based on the same evidence, which would waste time and expense, the dismissal of Mr. Dismukes' vicarious liability claim should be certified for interlocutory appeal while discovery continues so that all of Mr. Dismukes' claims can be tried at once. *See Kennard v. UPS*, 531 F. Supp. 1139, 1149 (E.D. Mich. 1982).

In *United States v. Dish Network, LLC*, this Court declined to certify an order for an interlocutory appeal because even if the Seventh Circuit reversed on appeal, there was controlling Supreme Court precedent that would have to be overturned in order to affect the outcome of the case. No. 09-3073, 2014 WL 7013223, at *73 (C.D. Ill. Dec. 12, 2014) (Judge Myerscough). Here, unlike *Dish Network*, there is no controlling Supreme Court precedent on this issue that would prevent or render meaningless a reversal by the Seventh Circuit in this case. Rather, in *Shields*, the Seventh Circuit indicated it is ready to consider this precise issue: can Wexford be held vicariously liable under § 1983 for the conduct of its employees. *Shields*, 746 F.3d at 795.

To avoid any further delay in this case, if this motion is granted and an appeal is allowed, Mr. Dismukes will not seek a stay of discovery while the appeal is pending. Other courts have allowed discovery to proceed during an interlocutory appeal, for example in *Minch v. City of Chicago*, where the result of the appeal would not affect the discovery needed on other pending claims. 213 F.R.D. 526 (N.D. Ill. 2003). In this case, the discovery needed for Mr. Dismukes' vicarious liability claim against Wexford is the same discovery that is needed for Mr. Dismukes' remaining claims against Wexford and Drs. Baker and Fenoglio, and that discovery will be necessary regardless of the Seventh Circuit's decision on the appeal. Therefore, there is no reason to delay completion of discovery while the appeal is pending. After the appeal is decided, the parties will be in a position to go to trial promptly.

## II.    Alternatively, This Court Should Enter Final Judgment Pursuant to Rule 54(b).

Mr. Dismukes requests in the alternative that this Court enter final judgment pursuant to Rule 54(b). Rule 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). As the Seventh Circuit has explained, a district court may enter a Rule 54(b) judgment upon a determination that: (1) the court's ruling is final in the sense that it completely disposes of a separate claim for relief or finally resolves all claims against a particular party; and (2) there is no just reason to delay the entry of judgment. *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1217 (7th Cir. 1990). Like certification for interlocutory appeal, a Rule 54(b) entry of final judgment is left to the sound discretion of the district court. *Id.*; *Shintom Am., Inc. v. Car Tels., Inc.*, 45 F.3d 1107, 1111 (7th Cir. 1995).

Under this standard, entry of a final judgment on Count III pursuant to Rule 54(b) is appropriate. *First*, the Opinion is final because it completely disposes of Mr. Dismukes' vicarious liability claim against Wexford. *Second*, there is no "just reason to delay"

Mr. Dismukes' appeal of the dismissal of his vicarious liability claim against Wexford. No party's rights would be threatened or infringed upon by entry of final judgment. To the contrary, final judgment would avoid unnecessary delay in reaching finality in this case. If Mr. Dismukes has to wait until a final judgment on all claims is entered before he is able to appeal the Opinion dismissing his vicarious liability claim, the parties will have to have a second trial if the Seventh Circuit reverses on the issue of Wexford's vicarious liability.

### III.  Conclusion

For the foregoing reasons, Mr. Dismukes respectfully requests that the Court certify its Opinion for interlocutory appeal, or alternatively, enter final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure on Count III of the Amended Complaint.

Dated:  February 3, 2015                          Respectfully submitted,

By:  /s/ Anne P. Ray
One of the Attorneys for Corey Dismukes

Anne P. Ray (#6291910)
Brian H. Rowe (#6302889)
Jonathan A. Enfield (#6316821)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312 222-9350
Facsimile:  312 527-0484

**CERTIFICATE OF SERVICE**

    I, Brian H. Rowe, certify that I filed the foregoing Motion to Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B) and/or for Entry of Final Judgment Pursuant to Rule 54(b) through the Court's CM/ECF document filing system on February 3, 2015, which will cause electronic notification of the filing to be sent to all counsel of record.

                                            /s/ Brian H. Rowe
                                            Brian H. Rowe (#6302889)
                                            Attorney for Corey Dismukes
                                            JENNER & BLOCK LLP
                                            353 N. Clark Street
                                            Chicago, IL 60654-3456
                                            Telephone: 312 840-7615
                                            Facsimile: 312 840-7715
                                            browe@jenner.com