IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| COREY DISMUKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-CV-3345 |
| | ) | |
| DR. THOMAS BAKER, | ) | |
| WEXFORD HEALTH SOURCES, INC, | ) | |
| And JAMES FENOGLIO, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff has filed a motion to certify an interlocutory appeal regarding the Court's dismissal of Plaintiff's respondeat superior claim against Wexford. (Count III, Amended Complaint, d/e 85.) An interlocutory appeal is warranted if the dismissal "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). "Interlocutory appeals are frowned on in the federal judicial system" because "often the issue

presented by such an appeal would have become academic by the end of the litigation in the district court, . . . ." Sterk v. Redbox Automated Retail, LLC, 672 F.3d 535, 536 (7th Cir. 2012).

Plaintiff is correct that Judges Hamilton and Posner indicated in Shields v. IDOC, 746 F.3d 782, 789 (7th Cir. 2014) that they were willing to revisit Seventh Circuit precedent that bars respondeat superior liability against private companies being sued under 42 U.S.C. § 1983. Yet, Judges Hamilton and Posner also recognized that current precedent is clear: "*[r]espondeat superior* liability does not apply to private corporations under § 1983." Id. at 789 (italics in original). Further, they recognized that "[a]ll other circuits that have addressed the issue have reached the same conclusion, extending the Monell standard to private corporations." Id. at 790. Judge Tinder indicated in a concurrence that, though he might be open to revisiting the respondeat superior issue, the Shields case was not the appropriate case to do so. Id. at 800. The parties in Shields were encouraged to seek rehearing *en banc*, but the petition for rehearing was denied on May 16, 2014. Shields v. IDOC, 10-CV-3746, 5/16/14 order (7th Cir. 2014)(Judges Wood and Hamilton

voted to grant the rehearing). The Supreme Court denied certiorari on January 12, 2015. Shields v. IDOC, 135 S.Ct. 1024 (2015).

About five months after the Shields opinion, Judges Ripple, Williams, and St. Eve (sitting by designation) remarked in Hahn v. Walsh, 762 F.3d 617, 640 (7th Cir. 2014) that, even if the res judicata issue had not been waived, the panel would not overrule Seventh Circuit precedent regarding § 1983 respondeat superior liability, noting that current precedent "is compatible with the holding of every circuit to have addressed the issue." The Supreme Court denied certiorari in Hahn. Hahn v. Walsh, 2015 WL 731906 (U.S. Feb. 23, 2015).

Shields suggests, at most, that some of the Seventh Circuit Judges might be willing to overturn controlling precedent. That possibility is not enough to show a "substantial ground for difference of opinion" on a controlling issue of law. No difference of opinion exists regarding whether Plaintiff can presently pursue a § 1983 respondeat superior claim against Wexford: Plaintiff cannot. A difference of opinion may exist on whether this *should* be the law, but that does not change what *is* the law. Interlocutory appeals on settled precedent are not appropriate simply due to criticism of that

precedent.  Nor does the specter of a possible second trial warrant an interlocutory appeal.  <u>Ahrenholz v. Bd of Trustees of Univ. of Ill.</u>, 219 F.3d 674, 676 (7th Cir. 2000) ("'The federal scheme does not provide for an immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court.'")(quoted cite omitted).

    Plaintiff alternatively asks that the Court enter judgment on the respondeat superior claim under Federal Rule of Civil Procedure 54(b).  Rule 54(b) allows the court to enter judgment on fewer than all the claims or parties "only if the court expressly determines that there is no just reason for delay."  A Rule 54(b) judgment is appropriate on a claim only if the remaining claims are sufficiently separate, meaning, at the least, that "'separate recovery is possible on each . . . . [M]ere variations of legal theory do not constitute separate claims . . . . Nor are claims so closely related that they would fall afoul of the rule against splitting claims if brought separately . . . .'"  <u>Marseilles Hydro Power, LLC v. Mareilles Land and Water Co.</u>, 518 F.3d 459, 464 (7th Cir. 2008)(quoted cited omitted).

The respondeat superior claim is not readily separable from the other claims in this case. A successful § 1983 respondeat superior claim against Wexford, even if it were legally viable, depends entirely on the success of Plaintiff's deliberate indifference claim against Wexford's employees, Drs. Fenoglio and Baker. If the jury finds for Drs. Fenoglio and Baker, the respondeat superior claim is academic. Additionally, the respondeat superior claim is essentially just a different theory of liability against Wexford, in addition to the unconstitutional policy claim that is already proceeding. The Court, therefore, declines to enter a Rule 54(b) final judgment on the respondeat superior claim.

On a separate matter, Defendants move to extend the discovery deadline and their expert disclosure deadline. Plaintiff's response time has not yet passed, but the Court will rule on the motion in the interest of moving the case along, subject to objections filed by Plaintiff within the response time. Defendants assert that they recently received medical records which indicate that Plaintiff may have complained about a lipoma and headaches as far back as 2004, before Plaintiff's incarceration, rather than in 2008. Defendants are concerned that they will not have a complete

picture of Plaintiff's relevant medical history by their expert discovery deadline of April 1, 2015.

Plaintiff's pre-incarceration history of a lipoma and headaches is arguably relevant as to damages or Plaintiff's credibility, but less relevant as to whether the treatment Plaintiff received in prison was a substantial departure from accepted professional judgment. Defendants already have all the medical records regarding Plaintiff's condition while he was in prison, which detail the size of the lipoma and the Defendants' objective findings. Defendants also have many of Plaintiff's medical records before and after Plaintiff's incarceration. This should be sufficient for Defendants' expert to form an opinion.

Defendants' expert deadline and the discovery deadline will be extended for a short period of 15 days, to April 15, 2015. By that date, the parties will have had over six months of discovery since the filing of Plaintiff's Amended Complaint, which should be sufficient. The summary judgment motion deadline will be vacated. The Court sees no need for a summary judgment motion deadline since this case has already survived summary judgment.

**IT IS ORDERED:**

(1) Plaintiff's motion for an interlocutory appeal or a Rule 54(b) judgment is denied (111).

(2) This case is referred to Magistrate Judge Schanzle-Haskins for settlement discussions.

(3) Defendants' motion for an extension is granted in part and denied in part (116). Defendants' motion to extend their expert disclosure and report deadline for 15 days, to April 15, 2015, is granted. Plaintiff shall have until April 30, 2015, to depose Defendants' expert. All other discovery closes on April 15, 2015. The summary judgment deadline is vacated.

(4) The final pretrial is rescheduled to Friday, May 8, 2015, at 1:30 p.m. Defense counsel shall appear in person. Plaintiff's counsel may appear in person or by video.

(5) The jury trial remains scheduled for June 2, 2015, at 9:00 a.m.

(6) The Court will send out a revised, updated version of its proposed jury instructions. Alternate or additional instructions (no duplicates) are due May 1, 2015.

(7) An agreed final pretrial order is due May 1, 2015.

(8) Motions in limine are due May 1, 2015.

(9) The clerk is directed to forward this order to Magistrate Judge Schanzle-Haskins.

ENTER: 3/13/2015
FOR THE COURT:

                                          **s/Sue E. Myerscough**
                                          SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE